# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LINDA GARCIA and
MELISSA GARCIA,

    Plaintiffs,

v.                                           CASE NO. 8:18-cv-2893-T-02CPT

A-1 TRANSPORT, LLC and
ANTHONY BRANDON COLUMBI,

    Defendants.
_____/

## **O R D E R**

Before the Court is Plaintiffs' Motion to Remand (Dkt. 9) and Defendants' Response (Dkt. 13). After careful consideration of the Notice of Removal (Dkt. 1), the allegations of the Complaint (Dkt. 1-2), and the submissions of the parties, the Court remands this action to state court.

## **BACKGROUND**

This case was removed on the basis of diversity of citizenship on November 28, 2018, over four months after suit was filed. Dkt. 1. Plaintiffs are both residents of Hillsborough County, Florida. Defendant A-1 Transport, LLC (A-1

Transport) is an Idaho corporation with its principal place of business in Idaho. Defendant Anthony Columbi is a resident of Idaho.

On December 17, 2016, Columbi was operating a semi-trailer truck in the scope and course of his employment with Defendant A-1 Transport. The truck was owned by A-1 Transport. Both Plaintiffs were in Linda Garcia's car traveling on Interstate 75 in Hernando County, Florida. The truck and car collided, allegedly due to the fault of Columbi. Dkt. 1-2 ¶¶ 11, 20, 23, 32. Plaintiffs suffered permanent injuries. Dkt. 1-2 ¶ 10.

Defendant A-1 Transport received a copy of the summons and the original complaint on July 30, 2018, and Defendant Columbi on August 2, 2018. Dkt. 9 at 8, 11. The complaint alleges damages of greater than $15,000 exclusive of interest, costs and attorney's fees, which satisfies the jurisdictional amount for Florida state circuit court. Dkt. 1-2 ¶ 4. In addition to permanent injury, Plaintiffs claim loss of earnings, permanent disfigurement, and scarring, among other damage elements. Dkt. 1-2 ¶ 10. No other additional dollar amount can be gleaned from the complaint.

Defendants asserted in the notice of removal that they did not determine until November 2, 2018, that the amount in controversy was greater than $75,000. Dkt. 1 ¶¶ 5, 6, 20. On November 2, "the parties had negotiated to a range above

the jurisdictional threshold of this Court but could not come to an agreement as to a final value." Dkt. 1 ¶ 5. A November 6, 2018, letter from Defendant A-1 Transport's insurance company extended "an offer of $135,000 to settle Melissa Garcia's bodily injury claim and an offer of $112,000 to settle Linda Garcia's bodily injury claim." Dkt. 1-3 at 17. The letter referenced a prior settlement demand from Plaintiffs of $275,000 a piece. Dkt. 1-3 at 17. Plaintiffs responded on November 9, 2018, that negotiations had reached an impasse. Dkt. 1-3 at 18.

Plaintiffs attach to the motion to remand Plaintiff Linda Garcia's pre-suit demand from January 2018 that asks for $700,000 to resolve the suit against Linda Garcia alone. Dkt. 9 at 14. The letter lists her medical bills. Also attached is a May 10, 2018, letter from Defendants' insurer that offers to settle Linda Garcia's claim for $85,000. Dkt. 9 at 18. From September 6 through October 17, 2018, the insurer received various medical records of Melissa Garcia. Dkt. 9 at 19-22.

Plaintiffs seek remand based on an untimely removal almost four months after service of the complaint.

## DISCUSSION

### *Standard*

Complete diversity of citizenship exists between Plaintiffs and Defendants. The issues here are whether the amount in controversy has been met and, if so,

whether removal was timely. Diversity jurisdiction is determined at the time of the filing of the complaint or, if removed, at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016). In matters of removal and remand, "ambiguities are generally construed against removal." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006); *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1282 (11th Cir. 2006). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*[1] If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation and quotation marks omitted).

The complaint here alleges only the minimal jurisdictional amount for state court, which is $15,000. The Court may nevertheless look to relevant documents to determine the amount in controversy if the documents establish facts present at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946 (11th Cir. 2000) ("[T]he Court may consider such evidence, but only to establish the

---

[1] *See also Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc.*, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of plaintiff.").

facts present at the time of removal."). Although settlement demands and offers are relevant, they are not necessarily determinative of the amount in controversy. *Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at 1 (M.D. Fla. July 21, 2010) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)). Each demand is analyzed in the context of the particular circumstances of the case.

## *Timeliness*

Defendants waited 118 and 121 days after service, respectively, before seeking removal. Defendants removed this case based on the second paragraph of the removal statute because the 30-day window from service, which is addressed in the first paragraph of the statute, had long passed. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757-758 (11th Cir. 2010) (addressing difference between "first paragraph" and "second paragraph" removals).

The second paragraph of 28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days *after receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added). Plaintiffs assert that the medical records of Melissa Garcia received by the

insurance company for Defendant A-1 Transport from September 6 through October 17 are "other papers."  The clock started ticking for removal purposes 30 days after September 6, according to Plaintiffs, which was October 6.  Therefore, the removal on November 28 was untimely.

The Court finds, however, that Melissa Garcia's medical records do not constitute "other paper" for purposes of triggering the 30-day removal window under 28 U.S.C. § 1446(b)(3).[2]  The medical records themselves are not a part of this record.  Dkt. 9 at 19-22.  Presumably a monetary amount was not denoted on those records.

Plaintiffs suggest that Defendants knew the value exceeded $75,000 at least as early as the pre-suit May 10 offer to settle for $85,000 for Linda Garcia.  Even if the letter were sent post-complaint, it would not constitute an "other paper" because the statute requires that a defendant be the recipient of the "other paper." 28 U.S.C. § 1446(b).  Stated differently, the defendant may not be the creator of the document.  *Pretka*, 608 F.3d at 761 ("[A] defendant cannot show that a

---

[2] Nor do the verdicts of unrelated cases received by Defendants from Plaintiffs constitute "other papers."  Dkt. 9 at 23-30.  The Court will not engage in conjecture or speculation by looking to the verdicts in unrelated cases regarding the amount of damages awarded for similar injuries.  *See Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (stating that presumption exists that a cause lies outside the federal court's limited jurisdiction); *Pretka*, 608 F.3d at 753-54 (reiterating that speculation is impermissible to determine amount in controversy).

previously non-removable case has become removable as a result of a document created by the defendant.") (citation and internal quotation marks omitted). While the May 10 letter is not a post-complaint document received by the Defendants, it may nevertheless be relevant as to what the Defendants could have ascertained about the amount in controversy before suit was filed.

As far back as January, six months before suit was filed, Defendants knew the amount of damages for at least one Plaintiff. A pre-suit settlement demand letter of January 17 lists the medical bills for Linda Garcia, which totaled $147,853.05. Dkt. 9 at 15-16. The letter also refers to Dr. Nucci's opinion that future medical expenses would be $32,000 every five years. Dkt. 9 at 15. The only post-suit demand from Plaintiffs in this record is referenced in the November 6 settlement offer.[3] The Defendants may not rely on their own November 6 settlement offer, a document generated by them, to solidify the day they knew the claim exceeded $75,000 exclusive of interest and costs.

---

[3] Although Defendants contend that early, pre-suit communications between the insurer and Plaintiffs' counsel cannot be attributed to both Defendants, it is telling that Defendants' settlement offer of November 6 emanated from the same insurer that handled the pre-suit negotiations. There is nothing to substantiate the claim that "it was not until November 2, 2018 that *both* A-1 Transport and Columbi *began* to negotiate those claims above the $75,000 jurisdictional threshold." Dkt. 13 at 3 (emphasis in original and added).

*Draskovich v. Target Corp.*, No. 6:15-cv-483-Orl-37TBS, 2015 WL 13560098 (M.D. Fla. Apr. 27, 2015), cited by Plaintiffs, is persuasive.  In *Draskovich*, the defendant filed its notice of removal within 30 days of the plaintiff's deposition.  The defendant claimed the deposition testimony was the first notice given that the plaintiff would be undergoing reconstructive disc surgery.  The district court found removal untimely because a pre-suit demand letter from the plaintiff, with medical records and bills attached, advised that the settlement value far exceeded $75,000.  Other cases cited in the *Draskovich* opinion support the conclusion that a post-complaint document triggers the 30-day removal window under the second paragraph of the statute *only if* the defendant was not already aware of the jurisdictional value at the time the complaint was served.  *See Brewster v. Manhattan Life Ins. Co.*, 38 F.Supp.3d 1331, 1332 (M.D. Fla. 2014) (holding removal untimely because complaint, not plaintiff's interrogatory responses, provided notice that amount in controversy was $200,000, which was at least half of claims paid under cancer policy).[4]

---

[4] *See also Mikesell v. FIA Card Servs., N.A.*, 936 F.Supp.2d 1327, 1331 (M.D. Fla. 2013) (holding that removal was timely because defendant removed case within 30 days of plaintiff's post-suit settlement demand of $250,000); *Golden Apple Mgmt. Co. v. GEAC Computers, Inc.*, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998) (holding removal untimely because plaintiff's post-suit settlement demand letter of $105,432 was "other paper" that triggered 30-day period for removal).  For another case decided after *Draskovich*, *see Brown v. Porter*, No. 6:15-cv-452-Orl-37KRS, 2015 WL 13567349

Here, as in *Draskovich*, a pre-suit demand letter set forth the medical bills which far exceeded the jurisdictional limit. Based on the pre-suit settlement demand and the continued negotiations post-complaint, the Court finds Defendants' removal was untimely.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion to Remand (Dkt. 9) is granted.

2) The Clerk is directed to remand of this action to the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida, and to close the case after remand is effected.

**DONE AND ORDERED** at Tampa, Florida, on January 25, 2019.

      s/*William F. Jung*
      **WILLIAM F. JUNG**
      **UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

(M.D. Fla. May 22, 2015) (finding removal untimely where defendant was on notice from inception of action that damages exceeded jurisdictional amount based on pre-suit correspondence).